Good morning, Your Honors. I am Alexandro Cristi, representing the Appellant in this matter. In my oral argument, I would like to indicate two reasons for which we respectfully request the Court to remand the case to the Board of Immigration Appeals. The first reason is the fact that proceeding at this time with the case is causing great unnecessary expenditure of resources by this Court, and judicial economy would be served by remanding the case to the Board. The second reason is related to the fact that the evidence indicates that there are extraordinary circumstances related to appellant's delay. And Counsel, what are those changed and extraordinary circumstances specifically? When you are asking where they are? What are they? The facts. The facts. During the hearing, the immigration judge directly asked appellant, a minor, who entered together with a sister and accompanied in the United States, why you didn't apply for asylum within one year? And respondent replied, because I am a minor and I didn't know what to do. If we go to the regulations, which in detail explains what extraordinary circumstances are, one section deals with legal disability, and the example given is exactly of a minor who is unaccompanied. Speaking about this second issue, the Board made a decision and left out a determination on this issue. In speaking to the Counsel representing the DHS, the Counsel admitted that the Board failed to make a determination and she would agree for a remand of the case to the Board in order to allow the Board to make such a determination. In addition, I would like to emphasize the fact that these were consolidated cases before the judge to minor sisters. After an appeal was filed with the Board, the Board, in their wisdom, decided to administratively close the cases. Three years later, the government all of a sudden decided that it's a waste of time and they should proceed with only one of the two cases. The other sister is still with the Board based on the TPS, based on an administratively closed case. On that first issue of judicial economy, what is going to happen? Are we going to waste duplicating the time by then considering the sister? What is the practicality of proceeding with a case? Appellant has TPS. This is the seventh year of such status. There is no indication that in the near future this is going to change. If anything, if we look and hear what the Congress is doing, apparently they are considering law to give status to these people. Counsel, did you say that opposing Counsel would agree to a remand? Yes, ma'am. Maybe if you don't mind, could we hear from opposing Counsel because this may resolve the issue. Should they allow this matter together? Thank you, Your Honor. Mary Jane Kondo representing the Respondent, the United States Attorney General. I agree with Petitioner's Counsel on the issue of the one-year bar for filing the asylum application. What the Board did is they said that the Petitioner had not demonstrated changed circumstances, but there are two ways that one could be excused from filing within the one-year period. It's changed circumstances and extraordinary circumstances, and they're defined separately in the regulation at 8 CFR 208.4A4. And, in fact, I agree with Counsel. In fact, in my view, there are two subsections of the extraordinary circumstances that may or may not apply to the Petitioner that the Board didn't address, and I think it should be sent back. One is the one that Petitioner said, and these are examples that are in the regulations, and reasons to excuse the one-year bar are not limited to these, but these are in the regulations. The one is legal disability. For example, if the applicant was an unaccompanied minor during the one-year period after arrival. Well, Petitioner came and lived with her mother. She did come unaccompanied from what we understand. There's not a lot of testimony in the record on that. So I think the Board in the first instance should, or the immigration judge if it goes back, should make that determination whether, in fact, she's an unaccompanied minor. All right. Thank you. Well, there was one other section, if you care. It's also ineffective assistance of counsel. In that case, what I would say is it is the Petitioner's burden to show to the satisfaction of the immigration judge that one of these exceptions applies. It didn't make all of these arguments when it went back on remand. Exactly. So if you all just agree that it goes back on remand, then all of those arguments can be made there. We agree, Your Honor. Yes. Now, you're not asking for a remand on certain issues. Just a remand of the case, the entire case. I don't oppose that, Your Honor. All right. So you stipulate to that? Yes, Your Honor. Yes, Your Honor. All right. You want to prepare an order for us? I guess we'll do it ourselves then, yeah. Look, we had a little heated discussion the other day, and so I want to apologize for raising my voice at you. Thank you very much, Your Honor. There were other factors that were going on in my psyche that day. Thank you very much. Can I apologize if I? No. I'm glad you're here because it's been bothering me. Thank you. Thank you. We'll all leave here and sin no more. I'll do my best, Your Honor. Thank you very much. Thank you very much. I mean, it's extraordinary. I don't think I can remember a case where the government has come up and made this kind of an offer. Well, the only thing I regret is that Mr. Christie and I didn't talk until this morning, and so I'm sorry that we've wasted the court's time. I mean, I think we could have done this before, and I'm sorry that we didn't. Yeah, so we now have a kinder, more gentle government, which we're all grateful. Well, Your Honor, I'm arguing two cases from now, so you might want to read them. I deserve judgment. All right. Okay. Thank you very much. Thank you. All right. Okay. We've got two more, huh? Okay. All right. That takes care of that one. And now we come to Melendez-Arellano v. Alberto Gonzalez.
judges: Pregerson, Rawlinson, Sandoval